**MICHAEL S. LAHR**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5270
FAX: (406) 457-5130

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

FILED
BILLINGS DIV.

2008 MAR 20 PM 2 42

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. JOHN DOE, aka Robert Borko, ALEKSANDRS HOHOLKO, JEVGENIJS KUZMENKO, and VITALIJS DROZDOVS, Defendants. | CR 08- 33 -GF-SEH <br><br> **INDICTMENT** <br><br> **CONSPIRACY** <br> Title 18 U.S.C. § 371 (Count I) <br> (Penalty: Five years imprisonment, $250,000 fine, and five years supervised release) <br><br> **EXTORTION AFFECTING COMMERCE** <br> Title 18 U.S.C. §§ 1951 and 2 (Count II) <br> (Penalty: 20 years imprisonment, $250,000 fine, and five years supervised release) <br><br> **FRAUD IN CONNECTION WITH COMPUTERS** <br> Title 18 U.S.C. § 1030(a)(4) (Count III) <br> (Penalty: Five years imprisonment, $250,000 fine, and three years supervised release) |
|---|---|

|   | **OBTAINING FINANCIAL RECORDS THROUGH UNAUTHORIZED ACCESS TO COMPUTERS**<br>Title 18 U.S.C. § 1030(a)(2)(A) (Count IV)<br>(Penalty: Five years imprisonment, $250,000 fine, and three years supervised release)<br><br>**THREATENING COMMUNICATIONS AND RECEIPT OF EXTORTION PROCEEDS**<br>Title 18 U.S.C. § 875 (Count V)<br>(Penalty: Two years imprisonment, $250,000 fine, and one year supervised release)<br>Title 18 U.S.C. § 880 (Count V)<br>(Penalty: Three years imprisonment, $250,000 fine, and one year supervised release) |
|---|---|

THE GRAND JURY CHARGES:

COUNT I

That from on or about December 20, 2007, and continuing until the date of the Indictment, at Great Falls, in the State and District of Montana, and other places, the defendants, JOHN DOE, *aka Robert Borko*, ALEKSANDRS HOHOLKO, JEVGENIJS KUZMENKO, and VITALIJS DROZDOVS, together, and with diverse other persons to the Grand Jury both known and unknown (the "conspirators"), did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the laws of the United States, that is:

    a.    to access knowingly and with the intent to defraud, a protected computer, as that term is defined under 18 U.S.C. § 1030(e)(2), without and in excess of authorization, and by means of such conduct, did further an intended fraud and obtain anything of value, in violation of 18 U.S.C. § 1030(a)(4);

    b.    to access intentionally a computer without and in excess of authorization, and thereby obtain information contained in a financial record of a financial institution,

that is, the Davidson Companies (Davidson), a broker-dealer registered with the Securities and Exchange Commission pursuant to Section 15 of the Securities Exchange Act of 1934, in violation of 18 U.S.C. § 1030(a)(2)(A);

 c. to transmit in interstate and foreign commerce, a communication containing any threat to injure the property and reputation of the addressee, with the intent to extort from any person, firm, association, or corporation, any money or other thing of value, in violation of 18 U.S.C. § 875;

 d. to receive, possess, conceal and dispose of any money or other property which was obtained from the commission of a violation of 18 U.S.C. § 875, knowing that the money or other property was obtained unlawfully, in violation of 18 U.S.C. § 880; and

 e. to unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and commodities in commerce by extortion, as that term is defined in 18 U.S.C. § 1951(b)(2), in violation of 18 U.S.C. § 1951(a).

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the conspirators committed overt acts, including, but not limited to, the following:

 1. Between on or about December 20, 2007, and January 11, 2008, JOHN DOE, *aka Robert Borko,* exploited a security vulnerability in Davidson's computer system located in Great Falls, Montana, and gained unauthorized access to information stored within the computer system.

2.     Between on or about December 20, 2007, and January 11, 2008, JOHN DOE, *aka Robert Borko,* used his unauthorized computer access to download more than 300,000 client files containing personal identification and financial account information from the Davidson's computer system.

3.     On January 16, 2008, JOHN DOE, *aka Robert Borko,* sent an e-mail to Davidson advising that the financial information of their clients had been compromised, and attaching the records of 20,000 accounts to prove his claim that over 300,000 accounts had been accessed.

4.     On January 19, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson suggesting that Davidson may want to keep the intrusion confidential, and urging a quick resolution.

5.     On January 20, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson identifying himself as an "independent IT security consultant," and agreeing to delete all of the stolen information, and to identify IT security weaknesses.

6.     On January 30, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson stating that "[t]he country where payments have to be sent is Russia."

7.     On February 1, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson requesting payment be made through Western Union into Sweden or the Netherlands.

8.     On February 3, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson stating "I also can accept Western Union in Latvia."

9. On February 8, 2008, JOHN DOE, *aka Robert Borko,* sent an e-mail to Davidson providing more specific details for the transfer of money in exchange for the continued confidentiality and privacy of their clients' financial information.

10. On February 13, 2008, JOHN DOE, *aka Robert Borko,* sent an e-mail to Davidson inquiring as to whether there was a problem with the transfer of the funds.

11. On February 14, 2008, JOHN DOE, *aka Robert Borko,* sent an e-mail to Davidson advising that there had been a problem with the collection of the funds in Amsterdam.

12. On February 15, 2008, in the City of Eindhoven, Netherlands, ALEKSANDRS HOHOLKO provided his passport to a Western Union official to identify himself and picked up a Western Union money transfer in the amount of $1,500, sent from Montana to the Netherlands, with Western Union Confirmation Number 9372318764.

13. On February 16, 2008, JOHN DOE, *aka Robert Borko,* sent an e-mail to Davidson confirming that a $1,500 transfer had been successfully transferred and retrieved.

14. On February 18, 2008, JOHN DOE, *aka Robert Borko,* sent an e-mail to Davidson stating "Mr. Hoholko will try to pick up the second transfer, I hope he'll be able to do it," and urging the company to consider using E-Gold for future payments.

15. On February 18, 2008, VITALIJS DROZDOVS transported ALEKSANDRS HOHOLKO to a Western Union outlet in the City of Eindhoven, Netherlands, where ALEKSANDRS HOHOLKO attempted to pick up a Western Union money transfer in the

amount of $15.00, sent from Montana to the Netherlands, with Western Union Confirmation Number 7202057294.

16.     On February 19, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson stating:

> "The second WU transfer hasn't been completed yet as i wrote in my previous mail. WU pickup service in Amsterdam has problems right now and most probably we'll not be able to use it in future.
>
> We still have the following reliable methods: Western Union and Money Gram to Russia, Western Union and Money Gramm to Ukraine, Wire Transfer to Russia. And e-gold of cause (sic)."

17.     On February 20, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson advising that "The second transfer has been completed."

18.     On February 25, 2008, JOHN DOE, *aka Robert Borko*, sent an e-mail to Davidson stating:

> "I have news from people working in Western Union: they are increasing measures against money laundring (sic) now, many transfers are beeing (sic) locked as suspicious. That was the reason of our problems in Netherlands. So, we can't use WU now - it becomes very unreliable."

All in violation of 18 U.S.C. § 371.

## COUNT II

That from on or about December 20, 2007, and continuing until the date of the Indictment, at Great Falls, in the State and District of Montana, and other places, the defendants, JOHN DOE, *aka Robert Borko*, ALEKSANDRS HOHOLKO, JEVGENIJS KUZMENKO, and VITALIJS DROZDOVS, did knowingly and unlawfully obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and

commodities in commerce by extortion, as that term is defined in 18 U.S.C. § 1951(b)(2), in that the defendants, JOHN DOE, *aka Robert Borko*, ALEKSANDRS HOHOLKO, JEVGENIJS KUZMENKO, and VITALIJS DROZDOVS, obtained and attempted to obtain the property of the Davidson Companies with the Davidson Companies' consent, induced by the wrongful use of fear, including fear of economic loss, in violation of 18 U.S.C. §§ 1951 and 2.

### COUNT III

That from on or about December 20, 2007, and continuing until on or about January 11, 2008, at Great Falls, in the State and District of Montana, and other places, the defendant JOHN DOE, *aka Robert Borko*, knowingly and with the intent to defraud, accessed a protected computer, as that term is defined in 18 U.S.C. § 1030(e)(2), without and in excess of authorization, and by means of such conduct furthered an intended fraud and obtained something of value, in violation of 18 U.S.C. § 1030(a)(4).

### COUNT IV

That from on or about December 20, 2007, and continuing until on or about January 11, 2008, at Great Falls, in the State and District of Montana, and other places, the defendant, JOHN DOE, *aka Robert Borko*, intentionally accessed a computer without and in excess of authorization, and thereby obtained information contained in a financial record of a financial institution, that is, the Davidson Companies, a broker-dealer registered with the Securities and Exchange Commission pursuant to Section 15 of the Securities Exchange Act of 1934, in violation of 18 U.S.C. § 1030(a)(2)(A).

## COUNT V

That from on or about January 16, 2008, and continuing until the date of the Indictment, at Great Falls, in the State and District of Montana, and other places, the defendant, JOHN DOE, *aka Robert Borko*, knowingly and with the intent to extort money and employment from the Davidson Companies, did transmit in interstate and foreign commerce, from a location outside the United States to the Davidson Companies in the State and District of Montana, communications containing threats to injure the property and reputation of the Davidson Companies, in violation of 18 U.S.C. § 875.

That on or about February 15, 2008, the defendants, ALEKSANDRS HOHOLKO, JEVGENIJS KUZMENKO, and VITALIJS DROZDOVS, did knowingly receive, possess, conceal, and dispose of money obtained from the commission of the acts of extortion, in violation of 18 U.S.C. § 875, described above, knowing the same to have been unlawfully obtained, in violation of 18 U.S.C. § 880.

A TRUE BILL.

_____
FOREPERSON

*for* WILLIAM W. MERCER
United States Attorney
Attorney for Plaintiff

*by* CARL E. ROSTAD
Criminal Chief Assistant U.S. Attorney
Attorney for Plaintiff

Crim. Summons _____
Warrant **V** _____
Bail _____

in custody in Netherlands, extradition process beginning

# United States District Court

DISTRICT OF MONTANA, GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **WARRANT FOR ARREST** |
| v. | CASE NUMBER: CR-08-33-GF-SEH -01 |

**JOHN DOE aka Robert Borko**
*In Custody in Netherlands, extradition process beginning*

TO:     UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

---

YOU ARE HEREBY COMMANDED to arrest JOHN DOE aka Robert Borko and take the arrested person without unnecessary delay before the nearest federal magistrate judge to answer the INDICTMENT charging HIM with CONSPIRACY, EXTORTION AFFECTING COMMERCE, FRAUD IN CONNECTION WITH COMPUTERS, OBTAINING FINANCIAL RECORDS THROUGH UNAUTHORIZED ACCESS TO COMPUTERS AND THREATENING COMMUNICATIONS AND RECEIPT OF EXTORTION PROCEEDS in violation of Title 18 United States Code, Section 371, 1951 and 2, 1030(a)(4), 1030(a)(2)(A), 875.

Assigned to: MICHAEL S. LAHR

*/s/ A. Carrillo*
A. Carrillo, Deputy Clerk
AS ORDERED BY U.S. MAGISTRATE JUDGE CAROLYN S. OSTBY
Billings, Montana

**BAIL FIXED AT: None**

Date of Issue: March 20, 2008

| RETURN | |
|---|---|
| **DATE RECEIVED:** | **LOCATION:** |
| EXECUTED BY ARREST OF THE ABOVE-NAMED DEFENDANT | |
| **DATE OF ARREST:** | *DWIGHT MACKAY* |
| **LOCATION:** | **UNITED STATES MARSHAL** |
| **BY:**          Deputy U.S. Marshal | |

# United States District Court
## DISTRICT OF MONTANA, GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **WARRANT FOR ARREST** |
| v. | CASE NUMBER: CR-08-33-GF-SEH - 03 |

**JEVGENIJS KUZMENKO**
*In Custody in Netherlands, extradition process beginning*
(Latvia)

TO:   UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

---

YOU ARE HEREBY COMMANDED to arrest JEVGENIJS KUZMENKO and take the arrested person without unnecessary delay before the nearest federal magistrate judge to answer the INDICTMENT charging HIM with CONSPIRACY, EXTORTION AFFECTING COMMERCE AND RECEIPT OF EXTORTION PROCEEDS in violation of Title 18 United States Code, Section 371, 1951 and 2, 880.

Assigned to: MICHAEL S. LAHR

_____
A. Carrillo, Deputy Clerk
AS ORDERED BY U.S. MAGISTRATE JUDGE CAROLYN S. OSTBY
Billings, Montana

**BAIL FIXED AT None**

Date of Issue: March 20, 2008

| RETURN | |
|---|---|
| **DATE RECEIVED:** | **LOCATION:** |
| EXECUTED BY ARREST OF THE ABOVE-NAMED DEFENDANT | |
| **DATE OF ARREST:** | **DWIGHT MACKAY** |
| **LOCATION:** | **UNITED STATES MARSHAL** |
| **BY:** Deputy U.S. Marshal | |

# United States District Court
## DISTRICT OF MONTANA, GREAT FALLS DIVISION

UNITED STATES OF AMERICA  **WARRANT FOR ARREST**

v.  CASE NUMBER: CR-08-33-GF-SEH -02

**ALEKSANDRS HOHOLKO**
*In Custody in Netherlands, extradition process beginning*
(Latvia)

TO:  UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

---

YOU ARE HEREBY COMMANDED to arrest ALEKSANDRS HOHOLKO and take the arrested person without unnecessary delay before the nearest federal magistrate judge to answer the INDICTMENT charging HIM with CONSPIRACY, EXTORTION AFFECTING COMMERCE AND RECEIPT OF EXTORTION PROCEEDS in violation of Title 18 United States Code, Section 371, 1951 and 2 and 880.

Assigned to: MICHAEL S. LAHR

A. Carrillo, Deputy Clerk
AS ORDERED BY U.S. MAGISTRATE JUDGE CAROLYN S. OSTBY
Billings, Montana

**BAIL FIXED AT None**

Date of Issue: March 20, 2008

| RETURN | |
|---|---|
| **DATE RECEIVED:** | **LOCATION:** |
| EXECUTED BY ARREST OF THE ABOVE-NAMED DEFENDANT | |
| **DATE OF ARREST:** | *DWIGHT MACKAY* |
| **LOCATION:** | **UNITED STATES MARSHAL** |
| **BY:** Deputy U.S. Marshal | |

# United States District Court

DISTRICT OF MONTANA, GREAT FALLS DIVISION

| UNITED STATES OF AMERICA | **WARRANT FOR ARREST** |
|---|---|
| v. | CASE NUMBER: CR-08-33-GF-SEH - 04 |

**VITALIJS DROZDOVS**
*In Custody in Netherlands, extradition process beginning*
(Latvia)

TO:   UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

YOU ARE HEREBY COMMANDED to arrest VITALIJS DROZDOVS and take the arrested person without unnecessary delay before the nearest federal magistrate judge to answer the INDICTMENT charging HIM with CONSPIRACY, EXTORTION AFFECTING COMMERCE AND RECEIPT OF EXTORTION PROCEEDS in violation of Title 18 United States Code, Section 371, 1951 and 2, 880.

Assigned to: MICHAEL S. LAHR

A. Carrillo, Deputy Clerk
AS ORDERED BY U.S. MAGISTRATE JUDGE CAROLYN S. OSTBY
Billings, Montana

**BAIL FIXED AT None**

Date of Issue: March 20, 2008

| RETURN ||
|---|---|
| **DATE RECEIVED:** | **LOCATION:** |
| **EXECUTED BY ARREST OF THE ABOVE-NAMED DEFENDANT** ||
| **DATE OF ARREST:** | *DWIGHT MACKAY* |
| **LOCATION:** | **UNITED STATES MARSHAL** |
| **BY:**                                    **Deputy U.S. Marshal** ||